IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ALBERTO ALBA, et al., §
 §
            Plaintiffs, §
 § Civil Action No. 3:08-CV-0842-D
VS. §
 §
SOUTHERN FARM BUREAU §
CASUALTY INSURANCE COMPANY, §
 §
            Defendant. §

MEMORANDUM OPINION
AND ORDER

In this removed action, plaintiffs' motion for leave to file amended complaint to add an additional party presents the question whether the court should allow plaintiffs to add a non-diverse defendant, which would require that the court remand the case to state court. Applying the *Hensgens* factors,[1] the court concludes that it should not allow plaintiffs to add a non-diverse defendant, and it denies plaintiffs' motion.

I

In April 2006 plaintiffs obtained a default judgment against Britt Bowers ("Bowers") in Texas county court. The county court issued a turnover order on February 15, 2007, assigning to plaintiffs all causes of action that Bowers had against Walters, Balido & Crain, LLP ("WBC"),[2] the law firm that had withdrawn from representing Bowers in the county court action, and Texas Farm

---

[1]*Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987).

[2]The order referred to "Walters, Balido and Crain."

Bureau Insurance Company ("TFB"), the insurer whom plaintiffs mistakenly believed had issued Bowers' insurance policy.

On August 1, 2007 plaintiffs filed suit against TFB in Texas state court, alleging the claims they had received in the turnover order. Plaintiffs later discovered that Southern Farm Bureau Casualty Insurance Company ("Southern"), not TFB, issued Bowers' insurance policy. On September 19, 2007 they filed an amended petition, adding Southern as a defendant. TFB was dismissed from the suit in early May 2008, and Southern removed the case to this court on May 19, 2008 based on diversity of citizenship. All plaintiffs are Texas citizens, and Southern is a Mississippi citizen.

Plaintiffs filed the instant motion on July 29, 2008, seeking to add WBC as a defendant and to assert against WBC the claims for legal malpractice and breach of fiduciary duty that they received in the turnover order. Southern opposes the motion, contending that (1) plaintiffs are attempting to defeat diversity jurisdiction; (2) plaintiffs lack standing to assert these claims against WBC because Texas law prohibits assignment of legal malpractice and breach of fiduciary duty claims against attorneys; and (3) plaintiffs' proposed second amended complaint fails to state claims on which relief can be granted.[3]

---

[3]Because the court concludes that plaintiffs are attempting to defeat diversity jurisdiction, it need not address the second and third grounds.

II

Plaintiffs do not dispute Southern's assertion that WBC is a Texas citizen for purposes of determining the court's diversity jurisdiction. Therefore, allowing plaintiffs to join WBC would destroy diversity of citizenship.[4] When a plaintiff seeks to join a non-diverse defendant after a case is removed based on diversity, 28 U.S.C. § 1447(e)[5] gives the court the discretion to deny joinder or permit it and remand the case to state court. *Hensgens*, 833 F.2d at 1182 (holding that the court must "use its discretion in deciding whether to allow that party to be added."). In determining whether to allow a non-diverse party to be joined, the court considers four factors: (1) whether plaintiffs' purpose is to defeat federal jurisdiction; (2) whether plaintiffs have been dilatory in asking for an amendment; (3) whether plaintiffs will be

---

[4]It is settled that diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). "This means that no plaintiff can be a citizen of the same state as even one defendant." *Davis v. Am. Home Prods.*, 2005 WL 910601, at *2 (N.D. Tex. Apr. 20, 2005) (Fitzwater, J.). Therefore, it is immaterial that Southern is a citizen of Mississippi. The presence of WBC, a Texas citizen, as a defendant would destroy complete diversity.

[5]28 U.S.C. § 1447(e):

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities. *Id.*

III

A

Plaintiffs' purpose in seeking to join WBC as a defendant appears to be nothing more than to defeat diversity jurisdiction. On February 25, 2007 plaintiffs obtained claims against both WBC and TFB via the same county court turnover order. On August 1, 2007 plaintiffs filed this suit in Texas state court and named TFB as the sole defendant. After discovering in September 2007 that Southern was Bowers' insurer, plaintiffs filed a first amended petition adding Southern as an additional defendant. On both occasions—when they filed suit and when they amended to add Southern as a defendant—plaintiffs were aware of the claims against WBC but chose not to include it as a defendant. It was not until Southern removed the case to this court on May 19, 2008 that plaintiffs first sought to add WBC as a defendant. Plaintiffs filed their motion to amend and add WBC on July 29, 2008, almost 1½ years after obtaining the claims via the turnover order, and one year after filing the present case. As courts in this district have noted, waiting until shortly after removal to assert claims of which the plaintiff has been aware against a non-diverse defendant raises considerable suspicion concerning plaintiffs' purpose. *See, e.g., Rosa v. Aqualine Res., Inc.*, 2004 WL 2479900, at *2 (N.D.

Tex. Oct. 28, 2004) (Boyle, J.); *Holcomb v. Brience, Inc.*, 2001 WL 1480756, at *2 (N.D. Tex. Nov. 20, 2001) (Lynn, J.).

This suspicion is amplified by plaintiffs' failure to offer another purpose. Although Southern argues extensively in its response that plaintiffs' purpose was merely to avoid federal jurisdiction, plaintiffs have not filed a reply brief and therefore have not attempted to refute this assertion. Nor did plaintiffs offer an explanation in their motion for why they waited until after removal to attempt to add WBC as a defendant. In fact, plaintiffs did not explicitly address any of the *Hensgens* factors or 28 U.S.C. § 1447(e), despite the fact that these factors and this statute specifically control whether leave should be granted. The timing of, and circumstances surrounding, plaintiffs' motion bespeak their purpose, however, and they suggest that the primary animus is to defeat diversity jurisdiction.

B

Plaintiffs have also been dilatory in seeking to add WBC as a defendant. The time frame outlined above demonstrates the tardiness of the motion. Plaintiffs waited one year after filing suit to allege claims that they had known of for almost 1½ years. Additionally, they did not avail themselves of the opportunity to add WBC as a defendant when they added Southern in September 2007. These facts also support denying joinder.

C

Although plaintiffs state that they will be prejudiced if they are not permitted to join WBC as a defendant, they do not explain how or the extent of the prejudice.  It is possible that plaintiffs would be injured if forced to pursue the claims against WBC in a separate state court lawsuit, which would create extra expense and parallel litigation.  The court is not convinced, however, that denying joinder will risk *significant*ly injuring plaintiffs.  If the court denies joinder, plaintiffs will still be able to assert their claims against WBC in state court.  Although the claims plaintiffs seek to assert against WBC——legal malpractice and breach of fiduciary duty——arise from the same set of circumstances as do their claims against Southern, they are separate causes of action that implicate different law and require different evidence.  Moreover, Southern maintains, and plaintiffs do not dispute, that there is doubt as to whether plaintiffs have standing to assert these causes of action against WBC.[6]  It is possible that plaintiffs would suffer injury if they cannot join WBC, but the court concludes that there is not a risk of *significant* injury, and that the potential injury does not outweigh the other factors

---

[6]Southern argues that claims for legal malpractice and breach of fiduciary duty by an attorney are not assignable under Texas law.  Because the court concludes under the *Hensgens* factors that plaintiffs should not be permitted to destroy diversity, and it would reach this conclusion even if plaintiffs did have standing to assert these claims, it need not decide the standing issue or analyze whether the claims are assignable.

favoring denying joinder.

                                D

The parties have pointed to no other factors that bear on whether the court should grant plaintiffs' motion.

                            *   *   *

Applying the *Hensgens* factors, the court concludes that they weigh against allowing plaintiffs to join WBC as a defendant. Accordingly, plaintiffs' July 29, 2008 motion for leave to file amended complaint to add an additional party is denied.

**SO ORDERED.**

September 19, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE